UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH VINCENT KAUTH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TULE RIVER TRIBAL POLICE DEPARTMENT, et al.,<br><br>　　　　　Defendants. | Case No.: 1:23-cv-01731-KES-SKO (PC)<br><br>**ORDER DENYING PLAINTIFF'S REQUESTS FOR FUNDING**<br><br>(Doc. 12) |

Plaintiff Joseph Vincent Kauth is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.　　INTRODUCTION**

Plaintiff's first amended complaint was filed April 25, 2024, and is pending screening pursuant to 28 U.S.C. § 1915A(a).

On May 2, 2024, Plaintiff filed documents titled "Request for Funding for Phone Cards and Declaration of Indigent" and "Request for Funding and Declaration of Indigent." (Doc. 12.) The first document requests "funding to purchase $40.00 per week phone cards … to seek and hire investigators, to seek and hire experts and maintain contact with defense witnesses" and "to establish a runner to adequately prepare a defense." (*Id*. at 1.) Plaintiff indicates he is incarcerated at the Tulare County Jail and is indigent. (*Id*.) The second document requests "funding by the

court for purchase of office supplies, through approved vendor" to "assist defendant in preparation of Civil case." (*Id*. at 2.) Plaintiff states he is incarcerated at the Tulare County Jail and is indigent. (*Id*.)

## II.     DISCUSSION

Plaintiff seeks funds to pay for "phone cards" that will be used to "seek and hire" investigators and experts and to maintain contact with witnesses, "establish a runner" and purchase office supplies.

The Court notes the forms used by Plaintiff appear to be intended for use by those defending themselves against criminal charges or challenging their custody or confinement by way of a petition for writ of habeas corpus in the Tulare County Superior Court. Nevertheless, in federal court, an indigent prisoner must bear the costs of litigation. *Tedder v. Odel*, 890 F.2d 210, 211-12 (9th Cir. 1989); *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993) ("The magistrate judge correctly ruled that 28 U.S.C. § 1915, the in forma pauperis statute, does not waive payment of fees or expenses for witnesses"); *see also Pedraza v. Jones*, 71 F.3d 194, 196 (5th Cir. 1995) ("[t]he plain language of section 1915 does not provide for the appointment of expert witnesses to aid an indigent litigant" and "[t]he Supreme Court has  held that 'expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress,'" citing *United States v. MacCollom*, 426 U.S. 317, 321 (1976)); *Hinkley v. Jessee*, No. 4:14-CV-5117-TOR, 2015 WL 13333944, at *1 (E.D. Wash. Oct. 7, 2015) (plaintiff is responsible for his own litigation costs and the "Federal Rules of Civil Procedure do not require Defendants to provide any further assistance nor is this Court authorized to subsidize the cost of Plaintiff's suit").

Simply put, Plaintiff is not entitled receive funds to pay for an investigator, expert,[1]

---

[1] The Court has the discretion to appoint an expert witness *sua sponte* or upon a party's motion and may apportion costs of an appointed expert. Fed. R. Evid. 706. However, the purpose of a court-appointed expert under Rule 706 is to assist the trier of fact, not to serve as an advocate. *See Pedraza v. Jones*, 71 F.3d 194, 196 (5th Cir. 1995) ("[t]he plain language of section 1915 does not provide for the appointment of expert witnesses to aid an indigent litigant"); *Gorton v. Todd*, 793 F. Supp. 2d 1171, 1184 n.11 (E.D. Cal. 2011) ("28 U.S.C. § 1915 ... does not authorize the court to appoint an expert for plaintiff's benefit to be paid by the court"); *Newsome v. Loterzstain*, No. 2:19-cv-00307-DAD-JDP (PC), 2024 WL 1484067, at *1 (E.D. Cal. Apr. 5, 2024) (Plaintiff cannot obtain appointment of an expert witness for his own benefit. Rule 706(a) permits the court to appoint only neutral expert witnesses").

assistant, or the costs associated with phone calls and office supplies due to his indigency. *See Snow v. Mar*, 785 F. App'x 465, 466 (9th Cir. 2019) ("[T]here is no statutory authorization for a court-appointed investigator for civil litigants proceeding in forma pauperis"); *Porter v. Dept. of Treasury*, 564 F.3d 176, 180 (3d Cir. 2009) (granting of IFP status exempts litigants from filing fees only; it does not exempt litigants from the costs of copying and filing documents, service of documents other than the complaint, costs, expert witness fees, or sanctions); *MG Premium Ltd. v. Does*, No. 2:21-cv-08533-MCS-KK (C.D. Cal. Jul. 13, 2023) ("it is neither the Court's nor opposing party's role to subsidize an indigent party's litigation costs," including cost of a "temporary phone"); *Sekona v. Perez*, No. 1:19-cv-0400-JLT-GSA-PC, 2023 WL 2823556, at *2 (E.D. Cal. Apr. 7, 2023) (IFP statute "does not authorize the expenditure of public funds for investigators"); *Khademi v. South Placer Co. Jail*, No. 2:21-cv-1498 KJM DB P, at *1 (E.D. Cal. Oct. 18, 2021) ("the court is aware of no authority permitting it to provide plaintiff [a state prisoner proceeding pro se] an investigator"); *Jones v. Masiello*, 2020 WL 3839615, at *1 (W.D. Wash. July 8, 2020) (28 U.S.C. § 1915 "does not authorize payment for discovery costs, copying evidence or other documents, or witness fees and expenses"); *Starkey v. Hernandez*, 2018 WL 2441554, at *1 (S.D. Cal. May 31, 2018) ("this court has no authority to finance or pay for a party's discovery expenses even though the party has been granted leave to proceed in forma pauperis under 28 U.S.C. § 1915(a)").

### III. CONCLUSION AND ORDER

Based on the foregoing, Plaintiff's requests for funding (Doc. 12) are **DENIED**.

IT IS SO ORDERED.

Dated:   **May 6, 2024**                            /s/ *Sheila K. Oberto*
                                                    UNITED STATES MAGISTRATE JUDGE

3