UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH VINCENT KAUTH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KAELIN MANUEL,<br><br>　　　　Defendant. | Case No.: 1:23-cv-01731-SKO (PC)<br><br>**ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTION TO DISMISS**<br><br>(Doc. 22) |

Plaintiff Joseph Vincent Kauth, a county jail inmate, is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's Fourth Amendment excessive force claim.

**I.　　INTRODUCTION[1]**

Defendant Kaelin Manuel filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on October 1, 2024. (Doc. 22.) Plaintiff filed an opposition on November 18, 2024[2] (Doc. 27), and Defendant replied on December 2, 2024 (Doc. 29).

//

---

[1] On October 3, 2024, with the consent of all parties, this matter was reassigned to Magistrate Judge Sheila K. Oberto for all purposes including entry of judgment. (*See* Doc. 25.)

[2] Portions of this filing are signed and dated October 11, 2024 (*see* Doc. 27 at 4, 15). In another portion of the filing, Plaintiff signed and dated the document November 7, 2024 (*see id*. at 10).

1     **II.     PLAINTIFF'S FIRST AMENDED COMPLAINT**

2     Plaintiff alleges that on May 2, 2023, he was visiting friends at the Tule River Indian
3     Reservation when for "reasons unknown to" him, Defendant and four other officers with the Tule
4     River Tribal Police responded to the friends' address, where four adults and three minors were
5     present. As Plaintiff attempted to exit the residence, all law enforcement officers were stationed
6     in front with their weapons drawn and he was immediately fired upon with non-lethal rubber
7     bullets. In fear for his life, Plaintiff ran back inside, "yelling for the cops to quit shooting, I was
8     unarmed and there were kids inside the residence."

9     Plaintiff further contends that when he received "no response from the cops," he feared
10    they would enter the residence and shoot him again. Afraid for his life, he exited the house and
11    ran to his all-terrain vehicle (ATV) and drove away. Plaintiff states he did not have "any weapon
12    or object on" his person, did not make any hand gestures or threatening maneuvers that could be
13    construed as harmful, and both of his hands were on the handlebars of the ATV. He states that,
14    for "reason unknown and unprovoked," Defendant aimed her weapon at the back of his head and
15    upper back, shooting him with a "bullet [lethal] at a distance of 50-100 yards" while he was
16    speeding in the opposite direction of the officers. Plaintiff asserts Defendant was never in any
17    danger and that the incident was captured on her body worn camera. Plaintiff alleges Defendant's
18    use of excessive force deprived him of his Fourth Amendment rights and her actions were "very
19    malicious and intentional."

20    **III.     SUMMARY OF THE PARTIES' BRIEFING**

21            *Defendant's Motion to Dismiss (Doc. 22)*

22    Defendant Manuel is a tribal police officer employed with the Department of Public
23    Safety of the Tule River Indian Tribe. Plaintiff's excessive force claim arises following an
24    incident on May 2, 2023, involving Defendant. Defendant contends a section 1983 action cannot
25    be maintained against those acting "under color of tribal rather than state law." Plaintiff's
26    complaint warrants dismissal because it alleges Defendant is a tribal police officer who
27    encountered Plaintiff on tribal land during an incident involving Defendant and other tribal police
28    officers. Plaintiff did not state or describe involvement by "any state officials or the delegation of

2

1   any state authority to" her. Defendant contends Plaintiff's complaint must be dismissed for a
2   failure to state a claim upon which relief can be granted. Defendant further contends that to the
3   extent Plaintiff's complaint sues her in an official capacity, Plaintiff's suit is barred by the Tule
4   River Indian Tribe's sovereign immunity and should be dismissed on that basis.

### *Plaintiff's Opposition (Doc. 27)*

Plaintiff contends his suit against Defendant Manuel concerns "personal capacity" only. He states first amended complaint alleges that "Defendant was acting under color of state law" and "came up with a plan to arrest" him "for a state bench [warrant]. (working under, hand in hand and for the color of state law)." Defendant knew he "was a non-native with a state [warrant] … never wanted for any crime on the Tule Indian Reservation." Defendant contacted him "for the Tulare County Sheriff's Office," and Plaintiff attaches four pages from a Tule River Tribal Police report that he contends "clearly states" Defendant "did a wants and [warrants] check a day prior to the incident" revealing the Tulare County warrant. Plaintiff alleges that when Defendant "decided she was going to search and locate Plaintiff for the Tulare County Sheriff Office," Defendant was acting under color of state law. Plaintiff asks the Court to deny Defendant's motion to dismiss because "Defendant was acting in conjunction with the state agency Tulare County and there by extension and definition was under the color of state law." Plaintiff notes "this Court has found a cognizable civil rights claim under 42 U.S.C § 1983 'twice.'"[3]

Plaintiff's opposition includes his own declaration in which he states that: (1) he is appearing pro se; (2) he is suing Defendant in her "'personal capacity;'" (3) "Defendant was acting under the color of state law;" (4) the attached police reports "are original and unaltered;" (5) the Court has found his claim cognizable; and (6) he demands a jury trial.

### *Defendant's Reply (Doc. 29)*

Defendant contends Plaintiff's opposition fails to identify any facts set forth in the first amended complaint "that even suggest" Defendant is a state actor or imbued with state authority.

---

[3] Plaintiff is advised that during screening the Court is required to liberally construe a pro se complaint and accept all asserted facts as true. While the Court permitted Plaintiff's complaint to proceed past screening, Defendant may properly challenge the Court's jurisdiction by way of a motion to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure.

3

Defendant maintains Plaintiff's failure cannot be remedied by improper reliance on extrinsic evidence or new allegations that were not asserted in the operative complaint. Because further amendment would be futile, Defendant requests the motion to dismiss be granted and that the first amended complaint be dismissed with prejudice.

## IV.     APPLICABLE LEGAL STANDARDS

### *Dismissal Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure*

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to raise the defense, by motion, that the court lacks jurisdiction over the subject matter of an entire action or of specific claims alleged in the action. "Because standing and mootness both pertain to a federal court's subject-matter jurisdiction under Article III, they are properly raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), not Rule 12(b)(6)." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

There are two types of motions to dismiss for lack of subject matter jurisdiction: a facial attack, and a factual attack. *Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). When a party makes a facial attack on a complaint, the attack is unaccompanied by supporting evidence, and it challenges jurisdiction based solely on the pleadings. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). If the motion to dismiss constitutes a facial attack, the Court must consider the factual allegations of the complaint to be true and determine whether they establish subject matter jurisdiction. *Savage v. Glendale High Union Sch. Dist. No. 205*, 343 F.3d 1036, 1039 n.1 (9th Cir. 2003). In the case of a facial attack, the motion to dismiss is granted only if the nonmoving party fails to allege an element necessary for subject matter jurisdiction. *Id*.

In the case of a factual attack, district courts "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air for Everyone*, 373 F.3d at 1039. In that instance, "[n]o presumptive truthfulness attaches to plaintiff's allegations." *Thornhill*, 594 F.2d at 733 (internal citation omitted). The burden to demonstrate subject matter jurisdiction is on the party asserting the claim. *See Harris v. KM Indus., Inc.*, 980 F.3d 694, 699 (9th Cir. 2020). And where the moving party makes a factual challenge to the

court's subject matter jurisdiction by offering affidavits or other evidence in support of the motion, the opposing or non-moving party must present similar evidence "necessary to satisfy the burden of establishing that the court, in fact, possesses subject matter jurisdiction." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989). If the nonmoving party fails to meet its burden and the court determines that it lacks subject matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3).

### *Dismissal Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure*

A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In resolving a 12(b)(6) motion, the Court's review is generally limited to the "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1030-31 (9th Cir. 2008) (internal quotation marks & citations omitted). Dismissal is proper if there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (citation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court "accept[s] as true all well-pleaded allegations of material fact, and construe[s] them in the light most favorable to the non-moving party." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (citation omitted). In addition, the Court construes pleadings of pro se prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard … applies only to a plaintiff's factual allegations," not his legal theories. *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989).

### *Sovereign Immunity*

"The issue of tribal sovereign immunity is 'quasi jurisdictional' in the sense that it 'may be asserted at any time.'" *Barron v. Alaska Native Tribal Health Consortium*, 373 F. Supp. 3d 1232, 1237 (D. Alaska 2019) (quoting *Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015)).

"Although sovereign immunity is only quasi-jurisdictional in nature, Rule 12(b)(1) is still a proper vehicle for invoking sovereign immunity from suit." *Pistor*, 791 F.3d at 1111; *see also Sato v. Orange Cnty. Dep't of Educ.*, 861 F.3d 923, 927 n.2 (9th Cir. 2017) ("A sovereign immunity defense is 'quasi-jurisdictional' in nature and may be raised in either a Rule 12(b)(1) or 12(b)(6) motion"). "In the context of a Rule 12(b)(1) motion to dismiss on the basis of tribal sovereign immunity, 'the party asserting subject matter jurisdiction has the burden of proving its existence,' i.e., that immunity does not bar the suit." *Pistor*, 791 F.3d at 1111 (quoting *Miller v. Wright*, 705 F.3d 919, 923 (9th Cir. 2013)). In resolving such a motion, "no presumptive truthfulness attaches to a plaintiff's allegations" and "a district court may hear evidence regarding jurisdiction and resolve factual disputes where necessary." *Id.* (internal quotations & brackets omitted); *see also Lacano Invs., LLC v. Balash*, 765 F.3d 1068, 1071 (9th Cir. 2014); *Gregory Vill. Partners, L.P. v. Chevron U.S.A., Inc.*, 805 F. Supp. 2d 888, 895 (N.D. Cal. 2011).

**V.    DISCUSSION**

*Defendant Manuel Is Not Entitled to Immunity*

Plaintiff's first amended complaint is silent as to capacity. (*See* Doc. 11.) Where a pro se complaint is silent as to capacity, the Court presumes the named official was sued in a personal or individual capacity. *See Shoshone-Bannock Tribes v. Fish & Game Com'n, Idaho*, 42 F.3d 1278, 1284 (9th Cir. 1994) ("Where state officials are named in a complaint which seeks damages under 42 U.S.C. § 1983, it is presumed that the officials are being sued in their individual capacities"); *see also Romano v. Bible*, 169 F.3d 1182, 1186 (9th Cir. 1999) (Ninth Circuit has "presumed that officials necessarily are sued in their personal capacities where those officials are named in a complaint, even if the complaint does not explicitly mention the capacity in which they are sued"). Further, as Plaintiff states in his opposition, he is suing Defendant in her personal capacity only. (Doc. 27.)

The Ninth Circuit has held "tribal defendants sued in their individual capacities for money damages are not entitled to sovereign immunity, even though they are sued for actions taken in the course of their official duties." *Pistor*, 791 F.3d at 1112; *see Hafer v. Melo*, 502 U.S. 21, 27 (1991) ("officers sued in their personal capacity come to court as individuals").

As an initial matter, the Court notes that Defendant Manuel's challenge to the first amended complaint is a facial attack. *Thornhill*, 594 F.2d at 733. The Court will not address Defendant's Rule 12(b)(1) argument concerning tribal immunity because Defendant Manuel in not being sued in her official capacity as a tribal police officer as Plaintiff's suit names Defendant Manuel only in her personal or individual capacity. Thus, Defendant's motion to dismiss the first amended complaint pursuant to Rule 12(b)(1) will be denied.

### *Plaintiff's First Amended Complaint Fails to State a Claim Upon Which Relief Can be Granted*

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him or her of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).

In his first amended complaint, Plaintiff alleges Defendant Manuel used "excessive force under color of federal and state law." (*See* Doc. 11 at 6.) The question whether Plaintiff's operative complaint survives a challenge under Rule 12(b)(6) turns on whether Defendant was acting under color of state law.

"The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988). The conduct at issue must be fairly attributable to the state for liability under section 1983. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). An action is under color of state law when the state's role in the action is "significant." *Lopez v. Dep't of Health Servs.*, 939 F.2d 881, 883 (9th Cir. 1991). The general rule is that tribal police officers do not act under color

7

of state law within the meaning of section 1983. *R.J. Williams Co. v. Fort Belknap Hous. Auth.*, 719 F.2d 979, 982 (9th Cir. 1983). However, tribal officers "who act in concert with officers of the state are acting under the color of state law within the meaning of section 1983." *Evans v. McKay*, 869 F.2d 1341, 1348 (9th Cir. 1989).

### *Defendant Manuel Was Not a State Actor*

When tribal officers discover violations of state and federal law by any person within the reservation, they may detain the violators and turn them over to state or federal authorities. *Ortiz-Barraza v. United States*, 512 F.2d 1176, 1180 (9th Cir. 1975).

As noted above, Plaintiff contends Defendant Manuel acted under color of state law during the incident on May 2, 2023. A review of the first amended complaint reveals otherwise. Plaintiff fails to allege facts that demonstrate Defendant Manuel acted "in concert with officers of the state" or any other governmental body who were "acting under the color of state law within the meaning of section 1983." *Evans*, 869 F.2d at 1348. Nor does Plaintiff allege facts to demonstrate that the state's role, or any other governmental body's role, such as Tulare County, was "significant." *Lopez*, 939 F.2d at 883. Plaintiff's allegations show that Defendant Manuel was accompanied only by other Tule River tribal law enforcement personnel.

The Court considered the allegations contained in Plaintiff's first amended complaint only as it is required to do in addressing a motion to dismiss. *Manzarek*, 519 F.3d at 1030-31 (in a motion to dismiss, a court's consideration is limited to the "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice"). The Court did not consider the additional facts asserted by Plaintiff in his opposition to Defendant's motion to dismiss.

To the extent Plaintiff offers extrinsic evidence in the form of Tule River Tribal Police incident reports in support of his opposition to Defendant's motion to dismiss, the Court "may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). Rule 12(b)(6) provides that "when matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given

reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed. R. Civ. P. 12(b)(6).

There are, however, exceptions to the requirement that consideration of extrinsic evidence converts a Rule 12(b)(6) motion to a motion for summary judgment. *Id*. The Court "may consider material which is properly submitted as part of the complaint on a motion to dismiss without converting the motion to dismiss into a motion for summary judgment." *Id*. If the documents are not physically attached to the complaint, they may be considered if the documents' authenticity is not contested, and the plaintiff's complaint necessarily relies on them. *Id*. at 689 (citations omitted). Here, the extrinsic evidence offered by Plaintiff does not fit within the exception for not converting the Rule 12(b)(6) motion into a motion for summary judgment because, even assuming authentication is not contested, the incident report information was not relied upon in Plaintiff's first amended complaint. Plaintiff's first amended complaint states that for "reasons unknown" Defendant and other tribal officers responded to his friend's home on May 2, 2023. Thus, Plaintiff's operative complaint does not rely upon evidence that Defendant sought out Plaintiff due to a Tulare County arrest warrant. Nor is the proffered extrinsic evidence properly incorporated by reference or subject to judicial notice. *See United States v. Ritchie*, 342 F.3d 903, 908-09 (9th Cir. 2003). In short, this evidence is properly excluded.

In sum, this Court finds Defendant acted pursuant to tribal law. A section 1983 action is not the proper vehicle to present a claim challenging conduct by a defendant who acted under color of tribal law. *R.J. Williams Co.*, 719 F.2d at 981-82; *Balistreri*, 901 F.2d at 699 (dismissal is proper where the complaint lacks a cognizable legal theory).

Lastly, the Court notes that dismissing Plaintiff's first amended complaint with leave to amend would be futile. As discussed above, Plaintiff cannot state a claim as a matter of law. *See Hartmann v. CDCR*, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile"). Because Plaintiff cannot state a Fourth Amendment excessive force claim against Defendant Manuel as a matter of law, this action will be dismissed for failure to state a claim upon which relief may be granted.

//

### III. CONCLUSION AND ORDER

The Court's denial of the motion to dismiss pursuant to Rule 12(b)(1) does not mean this action proceeds because the Court has granted Defendant's motion to dismiss pursuant to Rule 12(b)(6), which results in a dismissal of the action. Based upon the foregoing, the Court **HEREBY ORDERS**:

1. Defendant's Motion to Dismiss (Doc. 22) is **GRANTED in part and DENIED in part**. The motion to dismiss pursuant to Rule 12(b)(1) is denied and the motion to dismiss is granted pursuant to Rule 12(b)(6).[4]
2. Plaintiff's first amended complaint (Doc. 11) is **DISMISSED**, with prejudice, pursuant to Rule 12(b)(6).
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **March 20, 2025**          /s/ *Sheila K. Oberto*
                                     UNITED STATES MAGISTRATE JUDGE

---

[4] The Court's denial of the motion to dismiss pursuant to Rule 12(b)(1) does not mean this action proceeds because the Court has granted Defendant's motion to dismiss pursuant to Rule 12(b)(6), which results in a dismissal of the action.